Appeal of GEORGE C. HEIMERDIN-     Docket No. 285.
    GER COMPANY.

A corporation which, after the close of its fiscal year ended October 31, 1919, voted additional compensation to its president and principal stockholder in an amount equal to undrawn salary payable to the president for the preceding fiscal year alleged to have been voluntarily released to the corporation after the close of such fiscal year is not entitled, upon the evidence introduced, to deduct from its gross income for the fiscal year ended October 31, 1919, the additional amount so paid.

Submitted December 16, 1924; decided January 27, 1925.

*Nathan Suskin, Esq.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before LANSDON, SMITH, and TRAMMELL.

### FINDINGS OF FACT.

1. The taxpayer is a New York corporation with its principal office at New York, N. Y.

2. A deficiency letter was mailed to the taxpayer on or about August 1, 1924, showing additional income and profits taxes due for the year ended October 31, 1919, of $10,282.44.

3. The taxpayer kept its books of account for the fiscal years ended October 31, 1918, and October 31, 1919, upon an accrual basis.

4. The salary payable to the president, George C. Heimerdinger, for each of the fiscal years ended October 31, 1918, and October 31, 1919, was $35,000.

5. Shortly after the close of the taxpayer's fiscal year ended October 31, 1919, the board of directors of the taxpayer voted additional compensation to the president for the fiscal year ended October 31, 1919, in the amount of $18,226.48 and claimed the deduction of said amount from the taxpayer's gross income for its fiscal year ended October 31, 1919. This amount was in addition to the regular salary payable to the president of $35,000.

6. The Commissioner has disallowed the deduction from the taxpayer's gross income of the fiscal year ended October 31, 1919, of the above-mentioned $18,226.48 upon the ground that it was not an expense of the year for which the return was made.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: The question involved in this appeal is whether the taxpayer is entitled to deduct from its gross income for the fiscal year ended October 31, 1919, $18,226.48 voted and paid to its president and principal stockholder after the close of its fiscal year. This amount is claimed as a deduction in addition to his regular salary of $35,000 per year. The $18,226.48 represents the portion of the president's salary for the fiscal year ended October 31, 1918, which it is alleged was not drawn by the president during that year. It was alleged at the hearing that the taxpayer operated at a loss for the fiscal year ended October 31, 1918, and that at a meeting of the stockholders on December 2, 1918, George C. Heimerdinger, the president, " released his right " to the sum of $18,226.48, unpaid salary, and that Edward C. Heimerdinger and Maurice W. Gorge likewise " released their right " to the sum of $2,000 each. The Commissioner has disallowed the $18,226.48 in question as a deduction from the taxpayer's gross income for the fiscal year ended October 31, 1919.

The evidence relative to the releasing of the corporation from its obligation to pay Mr. George C. Heimerdinger $18,226.48 of undrawn salary for the fiscal year ended October 31, 1919, was not of a character to prove the allegations of the petition. Only secondary evidence was offered, even though the primary evidence was in the custody of the taxpayer's witness. The Board does not consider that the evidence which was offered satisfactorily proves the allegations of the petition. Upon the evidence before us we can not do otherwise than approve the determination of the Commissioner that the additional tax claimed to be due for the fiscal year ended October 31, 1919, is legally due.

The taxpayer's appeal for consideration and relief under sections 327 and 328 of the Revenue Act of 1918 has been withdrawn.