*384 OPINION.
Smith:
The question involved in this appeal is whether the taxpayer is entitled to deduct from its gross income for the fiscal year ended October 31, 1919, $18,226.48 voted and paid to its president and principal stockholder after the close of its fiscal year. This amount is claimed as a deduction in addition, to his regular salary of $35,000 per year. The $18,226.48 represents the portion of the president’s salary for the fiscal year ended October 31, 1918, which it is alleged was not drawn by the president during that year. It was alleged at the hearing that the taxpayer operated at a loss for the fiscal year ended October 31, 1918, and that at a meeting of the stockholders on December 2, 1918, George C. Heimerdinger, the president, “ released his right ” to the sum of $18,226.48, unpaid salary, and that Edward C. Heimerdinger and Maurice W. Gorge likewise “ released their right ” to the sum of $2,000 each. The Commissioner has disallowed the $18,226.48 in question as a deduction from the taxpayer’s gross income for the fiscal year ended October 81, 1919.
The evidence relative to the releasing of the corporation from its obligation to pay Mr. George C. Heimerdinger $18,226.48 of un-drawn salary for the fiscal year ended October 31, 1919, was not of a character to prove the allegations of the petition. Only secondary evidence was offered, even though the primary evidence was in the custody of the taxpajmr’s witness. The Board does not consider that the evidence which ivas offered satisfactorily proves the allegations of the petition. Upon the evidence before us we can not do otherwise than approve the determination of the Commissioner that the additional tax claimed to be due for the fiscal year ended October 31,1919, is legally due.
The taxpayer’s appeal for consideration and relief under sections 327 and 328 of the Revenue Act of 1918 has been withdrawn.